UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DWAYNE GREEN II,

            Plaintiff,

v.

A. DOUGLAS, et al.,

            Defendants.

Case No. 2:22-cv-10101

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER
GRANTING MOTION FOR
SUMMARY JUDGMENT [20] AND DENYING
MOTIONS FOR LEAVE TO FILE SUR-REPLY [23, 24, 25]**

Defendants moved for summary judgment based on Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). ECF 20. The parties briefed the motion. ECF 21; 22. For the following reasons, the Court will grant summary judgment.[1]

### BACKGROUND

Plaintiff alleged that Defendant Cooper violated his civil rights by taking his legal property on October 9, 2021. ECF 1, PgID 2. Defendant Morgan allegedly gave Plaintiff's legal papers to another prisoner. *Id.* at 3.

Plaintiff filed a grievance that named Defendants Morgan and Cooper on October 12. ECF 21, PgID 139 (Grievance number SRF-21-10-1167-19A). The

---

[1] The Court need not hold a hearing because Plaintiff is proceeding pro se and is incarcerated. E.D. Mich. L.R. 7.1(f)(1).

1

grievance did not name Defendant Douglas. *Id.* The prison denied and returned with a response the grievance on November 8. *Id.*; *see also id.* at 140. Plaintiff then appealed to Step II and was denied. *Id.* at 142 (grievance response form). Certified Michigan Department of Corrections ("MDOC") records show that Plaintiff did not exhaust Grievance number SRF-21-10-1167-19A through Step III. ECF 20-3, PgID 128–30. Plaintiff filed the present complaint against Defendants on January 11, 2022. ECF 1, PgID 13.

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion,

2

the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

In this case, Plaintiff's verified complaint carries "the same force and effect as an affidavit" for summary judgment purposes. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). "[F]or inferences, thoughts, and opinions to be properly included in a Rule 56 affidavit, they must be premised on firsthand observations or personal experience, and established by specific facts." *Giles v. Univ. of Toledo*, 214 F.R.D. 466, 469 (N.D. Ohio 2007) (collecting cases).

## DISCUSSION

The Court will first detail the PLRA's exhaustion requirement. After, the Court will explain the MDOC grievance procedure. And last, the Court will grant summary judgment to Defendants because Plaintiff failed to exhaust his administrative remedies.

I. <u>PLRA Exhaustion</u>

Under the PLRA, a prisoner must exhaust his or her administrative remedies before suing. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). A prisoner need not plead exhaustion in the complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, a prison official must raise failure to exhaust as an affirmative defense. *Id.*

To prove the affirmative defense, the prison official must show "that no reasonable jury" could find that the prisoner exhausted his or her administrative

3

remedies. *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012). A prisoner properly "exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones*, 549 U.S. at 217–19). "[A] prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance." *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009) (citing *Woodford*, 548 U.S. at 83). In short, the PLRA "requires proper exhaustion." *Woodford*, 548 U.S. at 83.

But federal courts may address unexhausted claims in two situations. For one, courts may consider unexhausted prisoner claims if a prison official declined to enforce its "own procedural requirements and opt[ed] to consider otherwise-defaulted claims on the merits." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). And courts may excuse a prisoner's failure to exhaust if the administrative remedies were unavailable. *Ross v. Blake*, 136 S. Ct. 1850, 1858–60 (2016).

In practice, the PLRA's exhaustion requirement accomplishes three ends: exhaustion "allow[s] prison officials a fair opportunity to address grievances on the merits, to correct prison errors that can and should be corrected[,] and to create an administrative record for those disputes that eventually end up in court." *Mattox*, 851 F.3d at 591 (quotations omitted). If a prisoner flouts the prison's grievance procedures, courts typically dismiss unexhausted claims and address only the merits of exhausted claims. *Jones*, 549 U.S. at 220–24.

II. <u>MDOC Grievance Policy</u>

The primary grievance procedure outlined in MDOC Policy Directive 03.02.130 contains four parts. First, the prisoner must "attempt to resolve the issue with the staff member within two business days after becoming aware of a grievable issue." ECF 20-2, PgID 119 ¶ Q.

Second, if the issue is unresolved, the prisoner may file a "Step I grievance" "within five business days after the [prisoner] attempted to resolve the issue with appropriate staff." *Id.* at 119 ¶ Q, 120 ¶ W. The prisoner must include the "[d]ates, times, places, and names of all those involved" in the grievance form. *Id.* at 119 ¶ S. The prisoner must send a completed Step I grievance form "to the Step 1 Grievance Coordinator designated for the facility." *Id.* at 120 ¶ W. Usually, the prison must respond within fifteen business days after receiving it. *Id.* at 121 ¶ Z. "Grievances and grievance appeals at all steps [are] considered filed on the date received by the [prison's Grievance] Department." *Id.* at 120 ¶ T.

Third, the prisoner may file a Step II grievance form with the prison's Step II Grievance Coordinator if (i) he is dissatisfied with the Step I response, or (ii) he did not receive a timely response. *Id.* at 122 ¶ DD. The prisoner must file a Step II grievance form within ten business days of (i) receipt of the Step I response, or (ii) expiration of the prison's time to respond. *Id.*; *see also id.* at 120 ¶ U (If the prisoner "chooses to pursue a grievance that has not been responded to by staff within required time frames, . . . the [prisoner] may forward the grievance to the next step of the grievance process within ten business days after the response deadline

5

expired."). Put differently, if a prisoner does not receive a Step I response within fifteen days, the prisoner must file a Step II grievance within the next ten days.

Fourth, the prisoner may file a Step III grievance to the prison's Grievance Section if (i) he is dissatisfied with the Step II response, or (ii) he did not receive a timely response. *Id.* at 123 ¶ HH. The prisoner must file a Step III grievance form within ten business days of (i) receipt of the Step II response, or (ii) expiration of the prison's time to respond. *Id.* In the end, "[t]he grievance process is not complete until either the MDOC responds to the Step III appeal or the time for doing so expires." *Moore v. Westcomb*, No. 2:20-cv-179, 2021 WL 1851130, at *2 (W.D. Mich. May 10, 2021).

III. <u>Plaintiff's Failure to Exhaust</u>

The Court will grant summary judgment to Defendants. For Defendant Douglas, the Step I grievance did not name him. ECF 21, PgID 139. Thus, Plaintiff's grievance failed to exhaust the administrative remedies against Defendant Douglas from the start. ECF 20-2, PgID 119 ¶ S; *see Mattox v. Edelman*, 851 F.3d 583, 590–91 (6th Cir. 2017) ("We have explained that a prisoner ordinarily does not comply with [MDOC Policy Directive] 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief.") (citation omitted).

As for Defendant Cooper and Morgan, Plaintiff did not exhaust his administrative remedies through Step III. Before filing the complaint, Plaintiff exhausted only one grievance through Step III while incarcerated at the Saginaw

6

Correctional Facility. ECF 20-3, PgID 129, 131. That grievance was unrelated to the allegations against Defendants. *Id.* at 131–34.

Plaintiff did, however, attach a different Step III grievance appeal to his response brief, but the grievance was unrelated to the present case. ECF 21, PgID 143 (grievance number SRF-22-02-0221-27B). Indeed, that grievance related to retaliation by no particular prison official. *Id.* at 144. At any rate, Plaintiff did not complete the appeal process for that grievance until after he filed the complaint. *Id.* at 144 (March 2022).

No evidence shows that Plaintiff completed the full grievance process for Defendants Cooper and Morgan. Still, Plaintiff alleged, without evidence, that the certified report of his Step III grievances, ECF 20-3, was not "a true and accurate copy." ECF 21, PgID 136. But Plaintiff lacks personal knowledge to challenge the credibility of certified MDOC business records. *See* Fed. R. Civ. P. 56(c)(4).

Plaintiff also alleged that he did file a Step III appeal that MDOC has yet to respond to. ECF 21, PgID 136. But even if the claim were true, no evidence shows that MDOC received the appeal. Because "grievance appeals at all steps" are "considered filed on the date *received* by the [prison's Grievance] Department," the appeal is untimely. ECF 20-2, PgID 120 ¶ T (emphasis added); *see also id.* at 123 ¶ HH (Step III grievance must be filed "within ten business days after receiving the Step II response."). Without any evidence to support his claims, Plaintiff cannot show a genuine issue of material fact. The Court will therefore grant summary judgment because Plaintiff failed to exhaust his administrative remedies against Defendants.

Last, the Court will deny Plaintiff's motions for leave to file a sur-reply as moot. ECF 23; 24; 25. And the Court will deny leave to proceed in forma pauperis because Plaintiff cannot take an appeal of the Court's order in good faith. *See* 28 U.S.C. § 1915(a)(3).

**WHEREFORE**, it is hereby **ORDERED** that the summary judgment motion [20] is **GRANTED**. Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motions for leave to file sur-reply [23, 24, 25] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 9, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager